**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re<br><br>DOUGLAS BLANCHETTE,<br><br>                Debtor<br><br>DOUGLAS BLANCHETTE,<br><br>                Plaintiff<br><br>v.<br><br>JANIS G. BLANCHETTE,<br><br>                Defendant | Chapter 13<br>Case No. 16-14055-FJB<br><br><br><br><br>Adversary Proceeding<br>No. 17-1025 |

**SCHEDULING AND PRETRIAL ORDER**

1. The Court enters this Order in an effort to expedite the disposition of the matter, discourage wasteful pretrial activities, and improve the quality of the trial through thorough preparation. The parties are strongly urged to consider resolving their dispute by mediation. **Parties are advised that Judge Bailey's pre-trial order and procedures have been revised to comply with the amendments to the Federal Rules of Civil Procedure effective December 1, 2015. Unless otherwise ordered, the parties shall comply with all obligations and deadlines set forth herein.**

2. **Proportionality in Discovery**. Pursuant to Fed. R. Civ. P. 26(b)(1) and 26(g), the discovery in this case shall be proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' relative resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

3. **Cooperation.** The parties and counsel shall cooperate during all aspects of discovery. Failure by any party or counsel to make required disclosures or cooperate in discovery may warrant the imposition of sanctions under Fed. R. Civ. P. 37.

4. **Duty to Preserve Evidence**: The parties shall preserve evidence relevant to the issues raised by the pleadings, including electronically stored information ("ESI"). **Within seven (7) days of the entry of this Order, each counsel shall confirm to the Court in writing that he or she has conferred with his or her client regarding the duties of parties to preserve evidence and the provisions of Fed. R. Civ. P. 37(e).**

5. **Rule 26(f) Discovery Conference.** The parties are ordered to confer as soon as possible pursuant to Fed. R. Civ. P. 26, but in any event no later than twenty-one (21) days from the date of this Order.

6. **Rule 26(f) Discovery Conference Certification and Written Report**. **Within fourteen (14) days of the Fed. R. Civ. P. 26(f) conference, the parties shall file a <u>written report</u> that contains the following:**

    a. A certification that the Rule 26(f) conference has taken place.

    b. A proposed discovery plan that addresses all topics set forth in Rule 26(f)(3) and contains any appropriate protocols for the discovery or disclosure of ESI.

    c. A statement that the parties have complied with the automatic disclosure provisions of Rule 26(a)(1) and (2) or an explanation of why the parties have not yet complied as well as a description of what actions the parties are taking to comply with Rule 26(a)(1) and (2).

    d. An estimated length of trial.

    e. A statement as to the Court's authority to enter a final order as to each matter in dispute and a statement as to whether the parties consent to the entry of a final order by this Court as to each matter in dispute.

    f. In the event any party has demanded a jury trial:

        i. A statement by the party(ies) demanding a jury trial as to the specific matters to which the jury demand applies;

        ii. A statement by each party as to the legal basis for the right to a jury trial; and

        iii. A statement as to whether all parties consent to the Court conducting a jury trial.

    g. In the event any party anticipates the disclosure or discovery of ESI in this matter, a certification that the parties have conferred regarding the following:

        i. Any issues about preservation, disclosure, discovery or presentation of ESI, including the form or forms in which the ESI shall be provided and the nature and extent of the contemplated ESI discovery.

        ii. The various sources of ESI within a party's control, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

      iii. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

      iv. Whether the costs and burdens of discovery, especially discovery of ESI, may be reduced by entering into a non-waiver agreement pursuant to Fed. R. Evid. 502(e), supplementing paragraph 11 of this Order.

7. **Completion of Discovery.** Absent further order of the Court, upon appropriate motion and/or consideration of the discovery plan, **discovery shall be completed ninety (90) days from the date of this Order**.

8. **Expert Witness Disclosures.** Absent further order of the Court upon appropriate motion and/or the approved terms of the discovery plan, disclosures under Fed. R. Civ. P. 26(a)(2), including disclosure of the expert witness written report required by Fed. R. Civ. P. 26(a)(2)(B), shall be completed at least thirty (30) days prior to the date set for completion of discovery.

9. **Limitations on Discovery.** Absent further order of the Court, upon appropriate motion and/or the approved terms of the discovery plan, the following limitations shall apply:

    a. **Interrogatories.** Interrogatories propounded under Fed. R. Civ. P. 33 shall be limited to fifteen (15) in number, including subparts. Interrogatories will be answered within thirty (30) days of service, absent written agreement of the parties consistent with this Order. Objections to interrogatories will be stated with specificity and failure to do so may be deemed to be a failure to answer pursuant to Fed. R. Civ. P. 33(a)(4).

    b. **Requests for Production of Documents.** Requests under Fed. R. Civ. P. 34 shall be limited to fifteen (15) in number. Any objections to Rule 34 requests shall state with specificity the grounds for objecting to the request and failure to do so may be deemed a refusal to answer pursuant to Rule 37(a)(4). Pursuant to Fed. R. Civ. P. 34(b)(2)(C), an objection must state whether any responsive materials are being withheld on the basis of that objection. All other terms of amended Rule 34 apply in this case.

    c. **Depositions.** Absent agreement in writing by the parties or further order of the Court, parties shall be limited to deposing two (2) fact witnesses (excluding parties, experts, and those deposed pursuant to Fed. R. Civ. P. 30(b)(6)), and each deposition shall not exceed four (4) hours of actual questioning time as recorded by the stenographer. Depositions of parties, depositions of experts, and depositions pursuant to Rule 30(b)(6) shall not exceed seven (7) hours of actual questioning time as recorded by the stenographer.

10. **Discovery-Related Disputes and Motions.** Pursuant to Fed. R. Civ. P. 16(b)(3)(B)(v), no discovery-related motion may be filed unless the moving party has attempted in good faith, but without success, to resolve the dispute and has requested a pre-motion conference with the Court to discuss the dispute and to attempt to resolve it informally.  Such request for a pre-motion conference shall be made by a one-page, single-spaced letter to the Court, filed by the party seeking relief.  The request shall contain no argument, but shall provide a general summary of the issues to be discussed at the conference.  No response to the request shall be filed unless directed by the Court.  If the Court does not grant the request for a pre-motion discovery conference, or if the conference fails to resolve the dispute, then with Court permission, a discovery motion may be filed.

    Unless otherwise permitted by the Court, discovery-related motions and responses thereto shall not exceed three, single-spaced pages, in twelve-point font.  Additional replies shall not be filed unless requested by the Court following review of the motion and response.

11. **Non-Waiver of Attorney-Client Privilege or Work Product Protection.** Absent further order of the Court after consideration of the discovery plan, in accordance with Fed. R. Evid. 502(d), except when a party intentionally waives the attorney–client privilege or work product protection by disclosing such information to an adverse party, the disclosure of attorney–client privileged or work product protected information in connection with this proceeding shall not constitute a waiver in this proceeding, or in any other federal or state proceeding.  A party that produces attorney–client privileged or work product protected information to an adverse party without intending to waive the privilege or protection must notify the adversary that it did not intend a waiver by its disclosure promptly upon discovering the disclosure.  Any dispute regarding whether the disclosing party has properly asserted the attorney–client privilege or work product protection shall be brought promptly to the attention of the Court if the parties are not able to resolve such dispute.

12. **Joinder and Amendment Deadlines.**  Absent further order of the Court upon appropriate motion**, the deadline for amending the pleadings and for joining other parties shall be forty-five (45) days from the date of this Order**.

13. **Dispositive Motions.  Any dispositive motion must be filed no less than seven (7) business days prior to the date fixed for the filing of the Joint Pretrial Memorandum** or the relief sought in such motions shall be deemed to have been waived.  Upon the filing of a dispositive motion, the parties may request an extension of the time to file the Joint Pretrial Memorandum.

14. **Joint Pretrial Memorandum.** Absent further order of the Court, **the parties are ordered to file within thirty (30) days after the date for completion of discovery a Joint Pretrial Memorandum**[1] approved by all counsel and unrepresented parties, which shall set forth the following:

    a. The name, address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises, together with any objection to the calling of the witness (see paragraph (e) below).

        If a party requires an interpreter at trial for one of that party's witnesses, it will be the responsibility of that party to supply the interpreter. The Court cannot and does not supply interpreters.

    b. A list of witnesses whose testimony is expected to be presented by means of a deposition and, if taken stenographically, a transcript of the pertinent portions of the deposition testimony, together with objection to such testimony (see paragraph (e) below).

    c. A list of witnesses intended to be called as experts, together with any objection to the calling of such expert (see paragraph (e) below), and a certification that the expert's report has been served on the opposing party(ies) in accordance with Fed. R. Civ. P. 26(a)(2) and paragraph 8 of this Order.

    d. An appropriate identification (pre-numeration) of each document or other exhibit, other than those to be used for impeachment, in the sequence in which they are expected to be offered, including summaries of other evidence under Federal Rule of Evidence 1006, separately identifying those exhibits which the party expects to offer and those which the party may offer if the need arises.

    e. A specific statement of any objection, together with the grounds therefor, reserved as to the admissibility of deposition testimony designated by another party and/or to the admissibility of documents or exhibits. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

    f. A statement confirming that the parties have exchanged copies (either electronic or paper copy) of the exhibits.

    g. If applicable, a statement disclosing any records of regularly conducted business activity under Federal Rule of Evidence 803(6) that the parties intend to present by certification, as permitted by the Federal Rule of Evidence 902(11) and (12), rather than by testimony of an authentication witness.

---

[1] If the parties cannot cooperate in filing a Joint Pretrial Memorandum, then each shall be responsible for filing, by the same date, a separate Pretrial Memorandum that conforms to the requirements set forth in this paragraph. In the event that the parties cannot cooperate in filing a Joint Pretrial Memorandum, they shall report the reasons therefor in their separately filed Pretrial Memoranda.

h. A statement indicating the parties' positions on attempting to resolve their dispute by mediation. In the event the parties agree in good faith to mediation, the Court will liberally consider any motion to postpone the trial to accommodate the mediation.

i. Facts to which the parties have stipulated.

j. The issues of fact which remain to be litigated (evidence at trial shall be limited to these issues).

k. The issues of law to be determined.

l. A brief statement summarizing the Plaintiff's case.

m. A brief statement summarizing the Defendant's case.

n. Any revisions of the estimated length of trial since the filing of the written report required paragraph 6 above.

15. **Trial or Final Pretrial Conference.** A pretrial conference or trial shall be scheduled after the filing of the Joint Pretrial Memorandum.

16. **Trial Briefs.** Counsel may, but need not, file trial briefs, which shall be filed seven (7) days prior to trial, unless a shorter period is specified by the Court.

17. **Exhibits and Demonstratives.**

    a. Parties shall pre-mark exhibits and assemble them in binders tabbed with appropriate exhibit numbers, which shall be available at the commencement of the trial. Each document or other exhibit shall be given a separate exhibit number.

    b. Parties shall bring sufficient copies of all exhibits to Court for trial so that a copy is available for each of the Judge, the Courtroom Deputy, the Law Clerk, the witness, and all counsel.

    c. Judge Bailey's courtroom is equipped with an electronic evidence presentation system for displaying trial exhibits. The Court expects all attorneys to make use of this equipment.[2]

    d. Written summaries and/or charts presented to the Court in conjunction with closing statements,[3] as an aid and not as evidence, must be provided to opposing counsel prior to the commencement of the closing statement, and any objections must be raised prior to the commencement of the closing statement. Closing summaries and/or charts may not include information which was not presented and admitted in evidence during the trial.

---

[2] Questions regarding the electronic evidence presentation system may be directed to Judge Bailey's Courtroom Deputy, Mary Murray (Mary_Murray@mab.uscourts.gov).

[3] Written summaries and/or charts that counsel propose to present prior to closing statements shall be identified and produced as set forth in paragraph 14.

18. **Proposed Findings of Fact and Conclusions of Law.**  After trial, counsel may (by separate order) be required to submit proposed findings of fact and conclusions of law.

19. **Failure to Comply with this Order.**  This Order and the deadlines established by the Court may not be modified absent further order of the Court.  Failure to strictly comply with the provisions of this Order may result in the automatic entry of a dismissal or a default, or sanctions, as the circumstances warrant in accordance with Fed. R. Civ. P. 16 and 37.

Date: April 11, 2017

_____
Frank J. Bailey
United States Bankruptcy Judge